IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

$18,282.41 IN UNITED STATES CURRENCY,
$4,651.00 IN UNITED STATES CURRENCY,
MISCELLANEOUS MARIJUANA GROW EQUIPMENT,

        Defendants.

---

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

---

The United States of America, by and through United States Attorney David M. Gaouette and Assistant United States Attorney James S. Russell, pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions G(2), states:

JURISDICTION AND VENUE

1. The United States of America (the United States) has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. §881, seeking forfeiture of the defendant property involved in the narcotics provisions of 21 U.S.C. §§801 et seq. This Court has jurisdiction under 28 U.S.C. §§1345 and 1355.

2. Venue is proper under 21 U.S.C. §881 (j), 19 U.S.C. §1605 and 28 U.S.C. §1395, as the defendant property is located, and all of the acts described herein occurred, in the District of Colorado.

## DEFENDANT PROPERTY

3. a. $18,282.41 in United States Currency, seized on August 17, 2009 from the Mishawaka Inn located at 13714 Poudre Canyon Highway, Bellvue, Colorado ("defendant $18,282.41 in U.S. Currency"); defendant $18,282.41 in U.S. Currency is currently being held by the United States Marshal in Denver, Colorado.

b. $4,651.00 in United States Currency, seized on August 17, 2009 from the home of Robin Jones, located at 22301 North County Road 27 in Bellvue, Colorado ("defendant $4,651.00 in U.S. Currency"); defendant $4,651.00 in U.S. Currency is currency being held by the United States Marshal in Denver, Colorado.

c. Miscellaneous Marijuana Grow Equipment consisting of 37 ballasts, 35 high intensity grow lights, and one charcoal filter, seized on August 17, 2009 from the home of Robin Jones, located at 22301 North County Road 27 in Bellvue, Colorado ("defendant Grow Equipment"); defendant Grow Equipment is currently being held by the Drug Enforcement Administration in Centennial, Colorado.

## FACTUAL BASIS FOR FORFEITURE

4. Except as otherwise noted, all of the following facts and information have been discovered through the observations and investigations of fellow law enforcement officers as reported to me.

5. In early 2009, Detective Joshua Sheldon of the Larimer County, Colorado Sheriff's Office (LCSO) began an investigation into Robin Jones, who was known to be distributing large amounts of marijuana in the Fort Collins, Colorado area. Jones owns and operates a business in Bellvue, Colorado, the Mishawaka Inn. The Mishawaka Inn has been

known by law enforcement as a place where concerts, rave parties, and a large amount of drug use were occurring. As part of the investigation, Detective Sheldon spoke with a citizen informant, who advised that Jones was operating a large marijuana cultivation at his recently built residence, 22301 North County Road 27, Bellvue, Colorado. Detective Sheldon also spoke with personnel of the Poudre Valley Rural Electric Association (REA), who informed Sheldon that the Jones residence's electrical usage was considered one of the highest usages of a rural residence ever seen by their staff, so high that it was blowing transformers in the area, which necessitated larger transformers to be installed, the kind commonly used in industrial areas. High electrical usage is indicative of an indoor marijuana growing operation, which requires extensive electricity to provide the heat and ventilation necessary for growing. According to REA records from January through August 2009, the Jones residence was using an approximate average of 18,100 kilowatt hours of electricity per month between two meters on the property, which is more than the amount typically used by an entire city block.

6. As the investigation into Jones and other drug traffickers continued, on August 17, 2009, LCSO Deputy Tim Strohl interviewed Lonnie Dart at 5095 Poudre Canyon Highway, after Dart had reported a burglary. Dart told Deputy Strohl that an individual he believed to be Ally Harrison stole approximately 200 morphine pills from his home, and that Harrison lived at Jones' Mishawaka Inn, located at 13714 Poudre Canyon Highway in Bellvue, Colorado.

7. Deputy Strohl then contacted Harrison in the parking area of the Mishawaka Inn to ask her about the burglary report. After speaking for a few moments, Harrison led Deputy Strohl to her residence, a small cabin attached to the Inn. Upon entering the cabin, Deputy Strohl observed Charles Dominick sitting on a couch in the main room, cutting leaves off marijuana

buds for packaging. In addition to the marijuana being processed by Dominick, Deputy Strohl observed several marijuana plants and processed marijuana on the table in the main room; he also observed through an open bedroom door approximately 70 marijuana plants hanging from pieces of rope running across the room.

8.  While Deputy Strohl interviewed Harrison about the burglary, which she denied, Robin Jones entered the cabin. Jones stated that the marijuana in the cabin belonged to him, and showed Strohl a medical marijuana card that had expired at the beginning of August, 2009; Jones claimed a replacement card was on its way. The Colorado Department of Health was later contacted, which said that there was no replacement card being sent to Jones. Jones told Deputy Strohl that he was the care giver for thirty patients, and that he could provide documentation to support his claim. Deputy Strohl allowed Jones to leave the cabin and go to his residence for the purpose of obtaining the alleged care giver paperwork.

9.  Upon driving to his residence, Jones met with LCSO Deputies Rob Harris and Jack Newton, who determined that Jones was under the influence of drugs; Jones admitted that he had been smoking marijuana earlier in the day. With Jones' consent, he and the officers entered the residence through the garage, and then went in to awaken Jones' wife, Joy Hopely, who was sleeping in the master bedroom, to let her know officers were in the home. Jones then asked Deputy Newton if he wanted to see the marijuana grow operation in the basement. Upon entering the basement, the deputies observed a grow operation that was separated into three distinctive grow areas. A small area under the stairs contained baby clone marijuana plants. Across from the stairs was a room containing juvenile non-flowering buds. A second room contained a large number of six-foot tall marijuana plants. Jones bragged to the deputies that he

had eight different strains growing, and that growing had become "a full time job." Once Jones and the deputies returned outside, Jones was placed under arrest for Driving under the Influence of Drugs.

10. Once search warrants were obtained for Jones' residence and business, officers from the LCSO and the Drug Enforcement Administration (DEA) began searching the Jones residence, outbuildings, and surrounding grounds. From the basement, officers seized 188 live marijuana plants in various stages of growth weighing over 200 pounds, 117.7 grams of processed marijuana, and most of defendant Grow Equipment, which consisted of 37 ballasts, 35 high intensity grow lights, and one charcoal filter. The basement appeared to the officers to have been specifically built for the purpose of cultivating marijuana. All of the electrical controls were built into the wall, the lights and cords had been built into the ceiling and hidden from view, and there were air conditioning ducts running down the center of the room for the sole purpose of cooling the plants.

11. From the upstairs area of the residence, officers seized several bags of packaged marijuana, totaling 58.2 grams, 155.3 grams of marijuana cookies and candies, 5.4 grams of ecstacy pills, various drug paraphernalia, literature on how to grow different strands of marijuana, and defendant $4,651.00 in U.S. Currency.

12. From various places in plain view outside the residence, officers seized numerous live marijuana plants totaling over 80 pounds.

13. From the garage, officers seized over 486 grams of packaged marijuana, marijuana cultivation literature, and the rest of defendant Grow Equipment.

14. At the same time, additional officers from the LCSO and DEA executed a search warrant for Jones' Mishawaka Inn, including the main clubhouse, Harrison's cabin, and several outbuildings. In the clubhouse, officers found a small bag containing several morphine pills, and a small amount of marijuana inside a pill bottle in the main dining area. In the Mishawaka Inn office area, officers found a glass pipe, and a small Sentry safe containing several bags of marijuana and part of defendant $18,282.41 in U.S. Currency.

15. The officers who searched Harrison's cabin pursuant to the warrant found marijuana and drug paraphernalia throughout the entire cabin. In the living room area, officers seized 15.3 pounds of dried marijuana plants, and a large safe bolted to the floor that contained the remainder of defendant $18,282.41 in U.S. Currency. In the main bedroom, officers seized .3 grams of cocaine, a marijuana pipe, and 75 drying marijuana plants hanging from ropes strung across the room. From the bedroom vanity, officers seized 2 marijuana pipes, a pill bottle bearing the name Lawrence Dart, and a jar containing dried marijuana that weighed 206.5 gross grams. Officers found two more marijuana pipes in Harrison's purse, along with .4 grams methamphetamine and 7.7 grams of marijuana. In the kitchen, officers seized a small amount of marijuana inside a Tupperware container.

16. In total, in addition to ecstacy, cocaine, methamphetamine, and morphine, detectives seized from Jones' sophisticated marijuana growing operation, including the Mishawaka Inn property, 292 live marijuana plants, including 64 starter plants; drying marijuana plants and processed marijuana ready for resale that totaled 202 pounds; and defendant Grow Equipment, worth over $13,000.00. In addition, officers seized defendant $18,282.41 in U.S. Currency and defendant $4,651.00 in U.S. Currency in close proximity to the marijuana.

17. LCSO Detective Sheldon provided the Colorado Department of Health photocopies of the 19 marijuana certificates Jones provided the officers to substantiate his grow operation. The Health Department advised Detective Sheldon that most certificates were expired or did not have Jones listed as the care-giver. Of the 19 certificates that listed Jones as a care-giver, only six were ostensibly valid, several of which were scheduled to expire within a short time. The Health Department also verified that Jones' care-giver certificate was expired, and that no new certificates had been recently issued to Jones or any of the individuals listed on the certificates he provided.

18. A check of the Colorado Department of Labor records reveals that Jones reported only $18,000.00 income in 2004, and nothing since. There were no income records on file for Joy Hopely.

## SUMMARY

19. In summary, without legal authority Jones was admittedly operating a full time marijuana cultivation and distribution business, had no reported, legal income, and thus all of defendant Currency is proceeds of and used for illegal drug trafficking. Defendant Grow Equipment was used in the illegal marijuana operation.

20. The facts set forth above are not all of the facts known to the investigation, but are sufficient to establish probable cause to believe that the defendant property is subject to forfeiture pursuant to 21 U.S.C. §881(a)(6), (a)(2), and (a)(9).

VERIFICATION OF VINCENT A. SANCHEZ, SPECIAL AGENT

DRUG ENFORCEMENT ADMINISTRATION

I, Special Agent Vincent A. Sanchez, hereby state and aver that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein is true.

    s/ Vincent A. Sanchez
Vincent A. Sanchez, Special Agent
Drug Enforcement Administration

STATE OF COLORADO          )
                           )ss.
CITY AND COUNTY OF DENVER)

The foregoing VERIFIED COMPLAINT FOR FORFEITURE *IN REM* was sworn to and subscribed before me this 6th day of January, 2010, by Vincent A. Sanchez, Special Agent, Drug Enforcement Administration.

    s/ Nicole C. Davidson
My Commission Expires: 6/12/2010    Notary Public, State of Colorado

FIRST CLAIM FOR RELIEF

21. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

22. By the foregoing and other acts, defendant $18,282.41 in U.S. Currency constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance in violation of 21 U.S.C. §801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. §881 (a)(6).

SECOND CLAIM FOR RELIEF

23. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

24. By the foregoing and other acts, defendant $18,282.41 in U.S. Currency constitutes proceeds traceable to an exchange of controlled substances in violation of 21 U.S.C. §801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. §881 (a)(6).

THIRD CLAIM FOR RELIEF

25. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

26. By the foregoing and other acts, defendant $18,282.41 in U.S. Currency constitutes money used or intended to be used to facilitate a violation of violation of 21 U.S.C. §801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. §881 (a)(6).

FOURTH CLAIM FOR RELIEF

27. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

28. By the foregoing and other acts, defendant $4,651.00 in U.S. Currency constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance in violation of 21 U.S.C. §801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. §881 (a)(6).

FIFTH CLAIM FOR RELIEF

29. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

30. By the foregoing and other acts, defendant $4,651.00 in U.S. Currency constitutes proceeds traceable to an exchange of controlled substances in violation of 21 U.S.C. §801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. §881 (a)(6).

SIXTH CLAIM FOR RELIEF

31. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

32. By the foregoing and other acts, defendant $4,651.00 in U.S. Currency constitutes money used or intended to be used to facilitate a violation of violation of 21 U.S.C. §801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. §881 (a)(6).

SEVENTH CLAIM FOR RELIEF

33. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

34. By the foregoing and other acts, defendant Grow Equipment constitutes equipment used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting controlled substances in violation of 21 U.S.C. §801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. §881 (a)(2).

EIGHTH CLAIM FOR RELIEF

35. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

36. By the foregoing and other acts, defendant Grow Equipment constitutes drug manufacturing equipment which has been imported, exported, manufactured, possessed, distributed, dispensed, acquired, or intended to be distributed, dispensed, acquired, imported, or

exported, in violation of 21 U.S.C. §801 et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. §881, (a)(9).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the forfeited property in accordance with law, and that the Court enter a finding of probable cause for the seizure of defendant Currency and defendant Grow Equipment, and issue a Certificate of Reasonable Cause pursuant to 28 U.S. C. § 2465.

Respectfully submitted this 7th day of January, 2010.

          DAVID M. GAOUETTE
          United States Attorney

By:  s/ James S. Russell
      JAMES S. RUSSELL
      Assistant United States Attorney
      1225 17th Street, Suite 700
      Denver, Colorado 80202
      Telephone: (303) 454-0100
      FAX: (303) 454-0402
      E-mail: James.Russell2@usdoj.gov
      Attorney for Plaintiff