IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-00029-MSK-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$18,282.41 IN UNITED STATES CURRENCY,
$4,651.00 IN UNITED STATES CURRENCY, and
MISCELLANEOUS MARIJUANA GROW EQUIPMENT.

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Default and Final Order of Forfeiture** [Docket No. 33; Filed December 6, 2010] (the "Motion").  The Motion was referred to the Court for recommendation on January 20, 2011.  The Motion seeks entry of default judgment for forfeiture of Defendant Property to Plaintiff.  As no party filed or maintained a claim to Defendant Property, the Clerk entered default on November 29, 2010 [Docket No. 31].  For the reasons set forth below, the Court recommends that the Motion be **GRANTED**.

### I. Findings of Fact and Statement of Case

    1.    According to the Verified Complaint for Forfeiture *In Rem* [Docket No. 1] ("Complaint"), Defendant Property was seized in connection with a criminal investigation of Robin Jones who is a known marijuana distributor and who operates a business known for attracting drug users and facilitating drug use.  *Complaint* [#1] at 2-3.

2.     In 2009, Plaintiff executed search warrants on Jones' business, residence and known places of habitation where $18,282.41 and $4,651.00 in United States currency were seized.  *Id.* at 5-6.  In addition, sophisticated marijuana growing equipment was seized.  *Id.*

3.     Jones has reported having no income since 2004.  *Id.* at 7.

4.     According to Plaintiff, "without legal authority Jones was admittedly operating a full time marijuana cultivation business, had no reported . . . legal income, and thus all of defendant Currency is proceeds of and used for illegal drug trafficking.  Defendant Grow Equipment was used in the illegal marijuana operation."  *Id.*

5.     On February 3, 2010, the Court issued an Order for Warrant for Arrest of Property *In Rem* [Docket No. 4] and required that Plaintiff "post notice on an official internet government site for at least 30 consecutive days, stating that all persons claiming or asserting an interest in [D]efendant [P]roperty must file their Claims with the Clerk of this Court pursuant to Rule G of the Supplemental Rules for Admiralty of Maritime Claims and Asset Forfeiture Actions within thirty (30) days of the last date of publication of notice, and shall serve and file their Answers to the Verified Complain within twenty-one (21) days after the filing of their Claims . . . ."  *Order* [#4] at 2.

6.     On February 17, 2010, Plaintiff certified that it sent notice of the legal action by prepaid and certified mail (return receipt requested) to Jones, his business, a known associate named in the Complaint, Joy Hopely, and counsel for Jones, Robert Corry, Esq. [Docket No. 10].

7.     On March 31, 2010, Plaintiff certified that it posted notice of the legal action on an official government site, www.forfeiture.gov, for a period of at least thirty (30)

consecutive days from February 18, 2010 and filed an attachment evidencing the same [Docket Nos. 17 & 17-1].

8. On March 25, 2010, Jones filed a pleading seeking an extension of time to file a claim [Docket No. 12]. He did not, however, file a claim.

9. On July 21, 2010, Mishvestments, LLC filed a claim for Defendant Property [Docket. No. 21]. Mishvestments, LLC claimed an interest in Defendant Property based upon a Security Agreement executed between Jones and claimant [Docket No. 21-1]. However, Mishvestments, LLC withdrew its claim on August 24, 2010 and did not file an answer [Docket No. 28].

10. Due to the failure of any claimant to maintain a claim or file a timely answer, the Clerk of Court entered default as to Defendant Property on November 29, 2010 at Plaintiff's request [Docket No. 31].

11. On December 6, 2010, Plaintiff filed a Consent to Forfeiture of Defendant Property executed by Plaintiff, Robin Jones, and Joy Hopley [Docket No. 32].

12. Pursuant to the Consent to Forfeiture, which was executed "as part of a global settlement in this case and Civil Action No. 10-cv-01189-REB-BNB," the parties agreed that Plaintiff would file the present Motion and seek final judgment of forfeiture. *Consent to Forfeiture* [#32] at 1; *see also Settlement Agreement*, Case No. 10-cv-01189-REB-BNB [Docket No. 44]. In addition, the parties agreed to bear their own attorneys' fees and costs and to "irrevocably release each other from any claims . . . with respect to [Defendant] property . . ." after forfeiture to Plaintiff. *Id.* at 2. No party has filed an objection to the Motion or specifically to the request to enter a final judgment of forfeiture as to Defendant Property to Plaintiff.

## II.  Analysis

Default may enter against a party who fails to appear or otherwise defend the case brought against it pursuant to Fed. R. Civ. P. 55.  However, even after entry of default, it is for the Court to decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment."  *See Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (unpublished decision) (citations omitted).  "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court."  *Id.* at *2 (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).  Where the Complaint states an adequate legal basis for relief against a party in default, default judgment is appropriate.  *Id.* (citing *Weft, Inc. v. G.C. Inv. Assocs.*, 630 F. Supp. 1138, 1143 (E.D.N.C. 1986)).

Upon review of a motion for default judgment, and after default has entered, Plaintiff enjoys the benefit of deferential pleading interpretation.  As such, the Court deems the well-pleaded facts of the Complaint as true.  *Deery Am. Corp. v. Artco Equip. Sales, Inc.*, No. 06-cv-01684-EWN-CBS, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007) (unpublished decision) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). The Court also accepts as undisputed any facts set forth by Plaintiff in any other pleadings.  *Id.*

### A.    Entry of Default

As a threshold issue, the Court examines whether default was entered properly in this case.  As noted above, no party maintained a claim in this action.  Given Plaintiff's

publication of notice of the legal action pursuant to the mandate of Rule G of the Supplemental Rules for Admiralty of Maritime Claims and Asset Forfeiture Actions, see 18 U.S.C. § 983(a)(4), as well as notice of the legal action provided to all known potential claimants via prepaid and certified mail, I find that entry of default was proper.

### B. Recommendation for Default Judgment and Final Order of Forfeiture

Given proper entry of default, the well-pled allegations contained in the Complaint (including that it appears by a preponderance of the evidence that there was reasonable cause for seizure of Defendant Property), and the agreement between Plaintiff and all known potential claimants, the Court recommends that default judgment enter as to Defendant Property.  The Court also recommends that the District Court enter the Final Order of Forfeiture attached to the Motion at Docket No. 33-1, or a similar final judgment of forfeiture of Defendant Property to Plaintiff, which shall also serve as a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

IT IS FURTHER **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) days after service of this Recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: January 27, 2011

BY THE COURT:

/s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge